**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Makushamari GOZO, a/k/a Edward M.
Gozo, Defendant—Appellant.**

No. 04–5053.

United States Court of Appeals,
Fourth Circuit.

Submitted: June 12, 2006.

Decided: June 27, 2006.

Michael D. Montemarano, Michael D.
Montemarano, P.A., Elkridge, Maryland,
for Appellant. Rod J. Rosenstein, United
States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

Before TRAXLER and DUNCAN,
Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM:

Makushamari Gozo pled guilty to six
counts of bank fraud, two counts of mail
fraud, and one count of wire fraud. He
was sentenced to concurrent terms of fifty-
seven months' imprisonment on each
count. Gozo appeals his sentence, and his
attorney has filed a brief in accordance
with *Anders v. California,* 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), assert-
ing that Gozo was sentenced in violation of
*United States v. Booker,* 543 U.S. 220, 125
S.Ct. 738, 160 L.Ed.2d 621 (2005). In his
pro se supplemental brief, Gozo disputes
the calculation of his sentence, claiming
that the district court erred in imposing
certain enhancements. Because Gozo's
plea agreement contained a waiver of his
right to appeal his sentence within the
guidelines, we dismiss the appeal and deny
Gozo's motion to remand.

A defendant may waive his right to ap-
peal his sentence as part of a plea agree-
ment. *United States v. Wiggins,* 905 F.2d
51, 53 (4th Cir.1990). The waiver must be
knowing and voluntary. *United States v.
Brown,* 232 F.3d 399, 403 (4th Cir.2000);
*United States v. Wessells,* 936 F.2d 165,
168 (4th Cir.1991). This court reviews de
novo the validity of a waiver. *United
States v. Marin,* 961 F.2d 493, 496 (4th
Cir.1992). In his plea agreement, Gozo
waived his right to appeal his sentence and
"any issues that relate to the establish-
ment of the guidelines range, reserving
only the right to appeal from an upward or
downward departure from the guidelines
range that is established at sentencing."

Upon our review of the Fed.R.Crim.P.
11 colloquy, we conclude that Gozo under-
stood the terms of his plea agreement and
entered into it voluntarily. *See Brown,*
232 F.3d at 403. In addition, Gozo's chal-
lenge to his sentence under *Booker* is
barred by the appeal waiver. *See United
States v. Johnson,* 410 F.3d 137, 151–53
(4th Cir.), *cert. denied,* —— U.S. ——, 126
S.Ct. 461, 163 L.Ed.2d 350 (2005); *United
States v. Blick,* 408 F.3d 162, 171–73 (4th
Cir.2005).

In accordance with *Anders,* we have re-
viewed the entire record in this case and
have found no meritorious issues for ap-
peal. We thus dismiss the appeal, and

deny Gozo's motion to remand and his motions to strike counsel's *Anders* brief. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*